**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **TMT PROCUREMENT CORP.,** *et al.,*[1] | § | **Case No. 13-33763** |
| | § | |
| **DEBTORS.** | § | **Jointly Administered** |

| | | |
|---|---|---|
| **C HANDY CORPORATION and** | § | **Case No. 13-33757** |
| **B MAX CORPORATION,** | § | **Case No. 13-33758** |
| | § | |
| **PLAINTIFFS** | § | |
| | § | |
| **v.** | § | **Adversary No. _____** |
| | § | |
| **SHANGHAI COMMERCIAL AND** | § | |
| **SAVINGS BANK, LTD.,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO BANKRUPTCY CODE §§ 547, 548, AND 550 AND TO**
**DISALLOW CLAIMS PURSUANT TO BANKRUPTCY CODE § 502**

C Handy Corporation ("CHC") and B Max Corporation ("BMC") (together, "Plaintiffs"),

which are two of the above-captioned debtors and debtors in possession (the "Debtors"), by and

through their undersigned attorneys, hereby file this complaint (the "Complaint") to avoid and

recover preferential and fraudulent transfers against Shanghai Commercial and Savings Bank,

Ltd. ("Defendant"), and to disallow any claims held by Defendant. In support of this Complaint,

the Plaintiffs hereby allege upon information and belief that:

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Inc; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

## NATURE OF THE CASE

1.      This action is commenced pursuant to Bankruptcy Code §§ 547, 548 and 550 to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential or fraudulent transfers of property made by Plaintiffs.

2.      In addition, Plaintiffs seek to disallow, pursuant to Bankruptcy Code §§ 502(d) and (j), any claim that Defendant has filed or asserted against Plaintiffs or that has been scheduled for Defendant. Nothing in this Complaint should be construed as a waiver of any Debtor's rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Bankruptcy Code §§ 502(a) through (j).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11 and arises in and relates to cases under title 11 pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), jointly administered and captioned *In re TMT Procurement Corporation et al.*, Case No. 13-33763 (the "Chapter 11 Cases"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)/

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6.      Defendant is the agent for a syndicate of lenders, and a syndicate lender itself, with respect to the two loans described below. Defendant has appeared in these cases, filed pleadings, submitted proofs of claim and presented argument in Court.

7.      The statutory and legal predicates for the relief sought herein are Bankruptcy Code §§ 502, 547, 548 and 550 and Bankruptcy Rules 3007 and 7001.

#4917852

8.     Pursuant to Local Rule 7008-1, Plaintiffs state that they consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties (explicitly or by conduct), cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

9.     As relevant here, the Debtors borrowed money from various financial institutions to build and operate vessels providing maritime transportation services. CHC borrowed money from Defendant to build and operate the *M/V C Handy*. BMC borrowed money from Defendant to build and operate the *M/V B Max*.

10.     Within 90 days prior to the petition date (the "Preference Period"), Plaintiffs made transfers (the "Transfers") to Defendant as identified on Exhibit A and incorporated herein by reference. The information on Exhibit A is set forth in each Plaintiff's Statement of Financial Affairs (13-33673 ECFs 182 (BMC) and 184 (CHC)) and was derived from each Plaintiff's books and records maintained in the ordinary course of business.

11.     Defendant's two loans were secured by the respective vessels. The vessels have been sold. The proceeds of each sale were insufficient to repay either loan in full. Defendant has filed proofs of claim as to each loan.

12.     During the course of these Chapter 11 Cases, Plaintiffs may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period, or during the two-year period applicable to actions arising under Bankruptcy Code § 548. It is Plaintiffs' intention to seek the avoidance and recovery (or offset) of all transfers made by them of an interest in their property made to or for the benefit of Defendant or any other transferee. Plaintiffs reserve all rights to supplement and amend the allegations of this Complaint to include:

#4917852

(i) further information regarding the Transfers; (ii) additional transfers; (iii) modifications of or revision to Defendant's name; (iv) additional defendants; and (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

### FIRST CLAIM FOR RELIEF: PREFERENTIAL TRANSFERS

13.    Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

14.    As more particularly described in Exhibit A, (i) CHC made Transfers to Defendant during the Preference Period in the aggregate amount of not less than $46,000.00 and (ii) BMC made Transfers to Defendant during the Preference Period in the aggregate amount of not less than $170,264.00.

15.    The Transfers constituted transfers of an interest in property of each relevant Plaintiff.

16.    The Transfers were to or for the benefit of a creditor within the meaning of Bankruptcy Code § 547(b)(1).

17.    The Transfers were made on account of antecedent debts within the meaning of Bankruptcy Code § 547(b)(2) owed by the respective Plaintiffs to Defendant before the Transfers were made.

18.    The Transfers were made while Plaintiffs were insolvent within the meaning of Bankruptcy Code § 547(b)(3).

19.    The Transfers were made during the Preference Period under Bankruptcy Code § 547(b)(4)(A).

#4917852

20.     As a result of the Transfers, under Bankruptcy Code § 547(b)(5), Defendant received more from each Plaintiff than Defendant would have received if: (i) such Plaintiff's case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

21.     Defendant was the initial transferee of each of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit each of the Transfers was made.

22.     Based upon the foregoing, each Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers made by such Plaintiff to Debtor under Bankruptcy Code § 547(b); and (ii) ordering the recovery the Transfers or the value of the Transfers by such Plaintiff from Defendant under Bankruptcy Code § 550(a), together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

### SECOND CLAIM FOR RELIEF: FRAUDULENT TRANSFERS

23.     Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

24.     The Transfers or a portion thereof were made to or for the benefit of Defendant in within two years prior to the petition date.

25.     Each Plaintiff received less than reasonably equivalent value in exchange for some or all of the Transfers made by it.

26.     Each Plaintiff (i) was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; (ii) was engaged in business or a transaction for which any property remaining with such Plaintiff was unreasonably small capital at the time of, or as a result of the

Transfers; and/or (iii) intended, at the times relevant to this Complaint, to incur, or believed that such Plaintiff would incur, debts that would be beyond such Plaintiff's ability to pay as such debts matured.

27.     Defendant may also have received additional avoidable transfers which may be discovered during the discovery process.

28.     Based upon the foregoing, each Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers made by such Plaintiff to Debtor under Bankruptcy Code § 548(b)(1); and (ii) ordering the recovery the Transfers or the value of the Transfers by such Plaintiff from Defendant under Bankruptcy Code § 550(a), together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## THIRD CLAIM FOR RELIEF: DISALLOWANCE OF CLAIMS

29.     Plaintiffs hereby incorporate all previous allegations as though fully set forth herein.

30.     Defendant is a transferee of Transfers avoidable pursuant to Bankruptcy Code §§ 547 and 548, which property is recoverable under Bankruptcy Code § 550.

31.     Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under Bankruptcy Code § 550.

32.     Pursuant to Bankruptcy Code § 502(d), any and all claims of Defendant against each Plaintiff must be disallowed until such time as Defendant pays such Plaintiff an amount equal to the aggregate amount of all of the Transfers by such Plaintiff, plus interest thereon and costs.

33.     Pursuant to Bankruptcy Code § 502(j), any and all previously allowed claims of Defendant against each Plaintiff, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to such Plaintiff an amount equal to the aggregate amount of all of the Transfers by such Plaintiff, plus interest thereon and costs.

## PRAYER FOR RELIEF

WHEREFORE, each Plaintiff prays that this Court grant the following relief against Defendant as to the Transfers by such Plaintiff to Defendant:

A.     On such Plaintiff's First Claim for Relief, judgment in favor of such Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to such Plaintiff's estate the amount of the Transfers, pursuant to Bankruptcy Code §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On such Plaintiff's Second Claim for Relief, judgment in favor of such Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to such Plaintiff's estate the amount of the fraudulent Transfers, pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C.     On such Plaintiff's Third Claim for Relief, judgment in favor of such Plaintiff and against Defendant disallowing any claims filed by Defendant against such Plaintiff's estate until Defendant returns the Transfers to such estate pursuant to Bankruptcy Code §§ 502(d) and (j); and

#4917852

D.      Granting each Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

-and-

By: */s/ Evan D. Flaschen*
Evan D. Flaschen
(*pro hac vice*)
Evan.Flaschen@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile: (860) 246-3201

**COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION,
INCLUDING PLAINTIFFS**

#4917852

## Exhibit A

| Creditor | Payment Date | Payment Amount | Debtor |
|---|---|---|---|
| Shanghai Commercial and Savings Bank, Ltd. | 3/27/2013 | $10,000 | C Handy Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/17/2013 | $36,000 | C Handy Corporation |
| | | **Subtotal: $46,000** | |
| Shanghai Commercial and Savings Bank, Ltd. | 3/27/2013 | $125,984 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/1/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/12/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/16/2013 | $40 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/16/2013 | $40 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/17/2013 | $44,000 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/19/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/25/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/25/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/25/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 4/25/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 5/2/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 5/14/2013 | $20 | B Max Corporation |
| Shanghai Commercial and Savings Bank, Ltd. | 5/14/2013 | $20 | B Max Corporation |
| | | **Subtotal: $170,264** | |
| | | **Total: $216,264** | |

#4917852